## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## BRYSON CITY DIVISION

## CRIMINAL CASE NO. 2:09cr25

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
|     Plaintiff, | ) | |
| | ) | |
|       v. | ) | FINAL ORDER OF |
| | ) | CONTINUING GARNISHMENT |
| | ) | |
| OLIVER OTTER, JR. | ) | |
|     Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| EASTERN BAND OF CHEROKEE | ) | |
| INDIANS, | ) | |
|     Garnishee. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Answer of the Garnishee

[Doc. 24].

## PROCEDURAL HISTORY

On October 6, 2009, the Defendant was charged with assault resulting

in serious bodily injury and committing a crime of violence resulting in serious

bodily injury, in violation of 18 U.S.C. §§113(a)(6),1153 & 2261. [Doc. 1]. The

Defendant pled guilty to the charges without the benefit of a plea agreement

and on June 29, 2010, he was sentenced to 64 months imprisonment. [Doc.

17].  The Defendant was ordered to pay restitution to his victim and the North Carolina Victims compensation Services totaling $12,358.31. [Id.].  In addition, he was ordered to pay a $200 assessment. [Id.].

In September 2010, the Government moved for a writ of garnishment as to the Eastern Band of Cherokee Indians (Band) in order to garnish tribal gaming proceeds which are payable to the Defendant. [Doc. 19].  On November 8, 2010, the Band was served by certified mail with all documents relevant to the application for a writ of garnishment. [Doc. 23].  The Band admits it was served on November 8, 2010. [Doc. 24, at 1].

On December 3, 2010, the Band filed an untimely Answer which contained a motion to quash the application for a writ. [Id.]; see, 28 U.S.C. §3205(c)(2)(E).  In the Answer, the Band argues that the Defendant's *per capita* distribution of gaming revenues received from the Band are immune from garnishment due to the sovereign nature of the Tribe.

## DISCUSSION

Indian tribes have traditionally been considered sovereign nations which possess common law immunity from suit; however, that immunity may be abrogated by Congress.  C & L Enterprises v. Citizens Band of Potawatomi Indian Tribe of Oklahoma, 532 U.S. 411, 121 S.Ct. 1589, 149 L.Ed.2d 623 (2001).  When Congress enacted the Federal Debt Collection Procedure Act

(FDCPA) in 1990, it defined a "garnishee" as any person who has custody of any property in which the debtor has a nonexempt interest; and, it defined "person" as including an Indian tribe. 28 U.S.C. §§3002(7) & (10). "Congress has the power to statutorily waive a tribe's sovereign immunity." Northern States Power Co. v. Prairie Island Mdewakanton Sioux Indian Community, 991 F.2d 458, 462 (8th Cir. 1993). The FDCPA uses unequivocal language to waive this immunity. C & L Enterprises, 532 U.S. at 418; United States v. Weddell, 12 F.Supp.2d 999, 1000 (D.S.D. 1998), affirmed 187 F.3d 645 (8th Cir. 1999); United States v. Smith, 2008 WL 700320 (W.D.N.C. 2008). As a result, the Band must pay over to the federal government any property in which the Defendant has a nonexempt interest. Weddell, supra. That property includes a per capita distribution to tribal members of gaming revenues. Id.; accord, In re Kedrowski, 284 B.R. 439 (Br.W.D.Wis. 2002).

**ORDER**

**IT IS, THEREFORE, ORDERED** that any motion to quash the writ of garnishment contained within the Answer of the Garnishee [Doc. 24] is hereby **DENIED**.

**IT IS FURTHER ORDERED** that a Final Order of Continuing Garnishment is hereby **ENTERED** in the amount of $12,558.31 which attaches to each per capita distribution of gaming revenues on account of the

Defendant.

**IT IS FURTHER ORDERED** that payments should be made to the United States Clerk of Court and mailed to the United States Clerk of Court, 401 West Trade Street, Charlotte, N.C. 28202. Each check shall be embossed "Court Number 2:09cr25, Defendant Oliver Otter, Jr.

Signed: January 17, 2011

Martin Reidinger
United States District Judge