# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CRIMINAL CASE NO. 2:09cr25

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ) | |
| OLIVER OTTER, JR., ) | |
| ) | |
| Defendant, ) | |
| ) | |
| EASTERN BAND OF CHEROKEE INDIANS, ) | |
| ) | |
| Garnishee. ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Modify [Doc. 26].

## PROCEDURAL HISTORY

On October 22, 2009, the Defendant entered guilty pleas to charges of assault resulting in serious bodily injury, in violation of 18 U.S.C. §§113(a)(6) & 1153, and committing a crime of violence resulting in serious bodily injury to an intimate partner, in violation of 18 U.S.C. §2261 & 1152. [Doc. 1]. The

1

victim required surgery as a result of the incident as well as physical therapy. [Doc. 13]. The medical expenses incurred totaled $12,358.31. [Id.].

On June 29, 2010, the Defendant was sentenced to serve 64 months incarceration in connection with the convictions and to pay the total amount of restitution, $12,358.31. [Doc. 17]. The Judgment of Conviction in a Criminal Case contained the following schedule of payments:

> [P]ayment of the total criminal monetary penalties shall be due as follows:
> ...
> Payment to begin immediately ( ... combined with ... (D) below);
>
> ...
> Payment in equal Monthly ... installments of $50 to commence 60 days ... after release from imprisonment to a term of supervision. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. Probation Officer shall pursue collection of the amount due, and may request the court to establish or modify a payment schedule if appropriate 18 U.S.C. §3572.
>
> ...
> [I]f this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment.

[Doc. 17, at 5].

The Defendant did not appeal his conviction or sentence.

2

On September 22, 2010, the Government moved for a writ of continuing garnishment as to the Eastern Band of Cherokee Indians for tribal gaming proceeds attributable and payable to the Defendant. [Doc. 19]. The Defendant was given notice thereof and instructions on how to claim exemptions or to oppose the garnishment. [Doc. 21; 23]. The Defendant did not file answer or other response to the application for a writ. A Continuing Writ issued on November 4, 2010. [Doc. 22].

The Eastern Band of Cherokee Indians filed an untimely Answer to the Continuing Writ on December 3, 2010. [Doc. 24]. A Final Order of Continuing Garnishment in the amount of $12, 358.31 issued on January 18, 2011. [Doc. 25]. The writ attaches to each *per capita* distribution of gaming revenues on account of the Defendant. [Id.].

**DISCUSSION**

The Defendant has moved to modify the Final Order of Continuing Garnishment, asking that it not attach to the full amount of each *per capita* payment of gaming revenues. In support, he cites the language of the Judgment requiring restitution in the amount of $50 per month once his period of supervised release begins; that is, once he is released from prison.

The Defendant's Judgment specifically orders that restitution is due

3

immediately and is also *combined with* payment on a monthly basis upon release "[i]n the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision." [Doc. 17, at 5]. The existence of this schedule, however, "does not mean that the Government is precluded from pursuing other avenues of ensuring that defendant's restitution obligation is satisfied. Court-imposed payment schedules are merely one means available to enforce a restitution judgment." United States v. James, 312 F.Supp.2d 802, 807 (E.D.Va. 2004). Orders for restitution may be enforced by the United States in the same manner as a judgment imposing a fine. 18 U.S.C. §3664(m)(1)(A)(i). Such judgments may be enforced "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. §3613(a). The Federal Debt Collection Procedures Act (FDCPA) allows the United States to garnish property of a debtor. 28 U.S.C. §3205(a) ("A court may issue a writ of garnishment against property ... in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor."). The statute sets forth the procedures to be followed in obtaining a writ of continuing garnishment and there is no dispute that the

4

Government has complied with those procedures. See, 28 U.S.C. §3205.[1]

"Even the existence of a judicially prescribed payment schedule" does not preclude the Government from pursuing a continuing writ of garnishment against other proceeds. United States v. Picklesimer, 2010 WL 2572850 **2 (W.D.N.C. 2010). Moreover, if the Court were deemed to have deferred payment, "the United States still has the right to immediate restitution." United States v. Weissenbach, 2010 WL 2246177 **2 (W.D.N.C. 2010). The Court therefore rejects the Defendant's arguments.

The Defendant has also requested a hearing. Once the writ of continuing garnishment has been issued, the debtor may claim exemptions but there is no specific statutory method for objecting to the writ itself. 28 U.S.C. §3205(c)(1) ("If the court determines that the requirements of this section are satisfied, the court shall issue an appropriate writ of garnishment."); 28 U.S.C. §3205(c)(3)(B) ("The United States shall serve the ... judgment debtor with a copy of the writ of garnishment[.] The writ shall be accompanied by [ ] instructions to the judgment debtor for objecting to the answer of the garnishee and for obtaining a hearing on the objections.").

---

[1] The statute provides that a defendant may file objections to the garnishee's answer within twenty days after receipt thereof and may request a hearing. 28 U.S.C. §3205(c)(5). The Defendant did neither.

5

> Under [the Fair Debt Collections Procedure Act], a judgment debtor may move to quash an enforcement order, like the garnishment at issue [here]. [However] the issues ... are limited to the validity of any claim of exemption and the government's compliance with [the Act's] statutory requirements.

United States v. Pugh, 75 Fed. Appx. 546 **1 (8th Cir. 2003); *accord*, 28 U.S.C. §3202(d) (a hearing concerning the enforcement of a judgment by the United States is limited to circumstances where the debtor has claimed exemptions or challenged compliance with statutory requirements).

The Defendant here did not claim any exemptions and there is no dispute that the Government complied with the procedural requirements of the statute. The Defendant is therefore not entitled to a hearing. United States v. Hoggard, 2008 WL 227230 (M.D.N.C. 2008).

## ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Modify [Doc. 26] is hereby **DENIED**.

Signed: May 16, 2011

Martin Reidinger
United States District Judge